UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHERRIE A. HAGERTY<br><br>Plaintiff,<br><br>v.<br><br>FLUXCREDIT, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:23-cv-00126<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Now comes CHERRIE A. HAGERTY ("Plaintiff") by and through the undersigned, complaining as to the conduct of FLUXCREDIT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.,* the Texas Credit Services Organizations Act ("TCSOA") under Tex. Fin. Code § 393.101 *et seq.,* and the Texas Consumer Debt Management Services Act ("TCDSMA") under Tex. Fin. Code § 394.201 *et seq.,* in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Sunray, Texas, which lies within the Northern District of Texas.

5. Defendant is a credit repair organization and debt settlement provider offering consumers a variety of services designed to improve consumers' credit and their overall financial wellbeing. Defendant explicitly represents to consumers that it offers "credit repair" services. Defendant is a corporation organized under the laws of the state of California with its principal place of business located at 4732 Telephone Road, Suite E, Ventura, CA 93003.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In approximately early 2021, Plaintiff was behind on a Discover obligation which was impacting her credit, and was subjected to litigation in connection with this debt.

8. In an effort to clear this information from her credit and to otherwise seek legal assistance with the litigation, Plaintiff visited nolo.com and submitted a request for assistance, and was subsequently connected with Defendant.

9. Defendant represented to Plaintiff that it would provide legal assistance to Plaintiff in connection with the litigation and would be able to resolve the debt prior to the debt being reduced to judgment and for an amount less than what was being demanded.

10. Defendant further sent Plaintiff an information packet outlining its "full suite of credit solutions" which include "Credit Repair, Disputes & Monitoring."

11. Finding desirable the nature of the services Defendant represented it would provide, Plaintiff signed a power of attorney with Defendant, and made a down payment of approximately $400.00 prior to Defendant performing any work for Plaintiff.

12. As Plaintiff had a court date approaching, she contacted Defendant to inquire as to the status of their assistance and resolution efforts, and it was represented to Plaintiff that Defendant would not represent Plaintiff in connection with the pending litigation.

13. Plaintiff was surprised by this as she was led to believe Defendant's services would include representing her in connection with the pending litigation.

14. Further, although Defendant advised that it would be able to reach a deal with Discover in connection with the litigation, ultimately, it failed to do so and Plaintiff had a judgment entered against her in an amount substantially more than what Defendant represented Plaintiff would have to pay.

15. Plaintiff thus paid Defendant hundreds of dollars in exchange for being put in a worse financial position that she would have been in had she never used Defendant's services.

16. Despite Defendant failing to deliver any results for Plaintiff, Defendant refused to refund Plaintiff payments she made in connection with completely ineffective and deficient services.

17. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient services, further out of pocket damages, harm

stemming from the judgment entered against her as a result of Defendant's conduct, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

21. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform, or represent that such person can or will perform, any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

22. Defendant explicitly represented to Plaintiff that it can provide credit repair services, and as such is a credit repair organization under the CROA.

    a. **Violations of CROA § 1679b(a)**

23. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

24. Defendant violated the above references provisions of the CROA through its deceptive representations regarding the results it would be able to deliver. Defendant represented to Plaintiff

that it would resolve the Discover obligation such that Plaintiff did not need to worry about the litigation, although Defendant failed to follow through on these representations as it failed to resolve the debt in the manner it represented it would.

25. Defendant further violated the above provisions of the CROA through its misrepresentations as to the extent of the legal assistance that would be provided to Plaintiff. Plaintiff went to nolo.com seeking legal representation with the pending litigation, and Defendant represented it could provide such assistance. Defendant further led Plaintiff to believe that it would be able to assist Plaintiff with representation in connection with the litigation, although ultimately it failed to do so when Plaintiff requested this assistance.

    b. **Violation of CROA § 1679b(b)**

26. The CROA, pursuant to 15 U.S.C. § 1679b(b), states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

27. Defendant violated § 1679b(b) as they charged and received money from Plaintiff in exchange for the performance of services before such services were fully performed. Defendant charged Plaintiff on an entirely upfront basis prior to performing any work for Plaintiff, in direct violation of the CROA.

    c. **Violation of CROA § 1679c**

28. The CROA, pursuant to 15 U.S.C. § 1679c, outlines various disclosures that CROs must provide to consumers prior to entering into contracts with consumers.

29. Defendant violated § 1679c through their complete failure to provide Plaintiff the required disclosures or a copy required disclosures.

    d.  **Violations of CROA §§ 1679d**

30. The CROA, pursuant to 15 U.S.C. § 1679d(a), provides that a credit repair organization cannot provide services to a consumer until a consumer has signed a contract that complies with the requirements outlined in § 1679d(b).

31. Defendant violated the above provisions of the CROA through its failure to enter into a contract with Plaintiff that meets the requirements of the CROA. Defendant's power of attorney does not contain the full extent of information required to be provided under the CROA.

    e.  **Violation of CROA § 1679e**

32. The CROA, pursuant to 15 U.S.C. § 1679e, provides that a contract between a credit repair organization and consumer must have an attached notice of cancellation form.

33. Defendant violated the above provision of the CROA through its failure to provide the required notice of cancellation form.

WHEREFORE, Plaintiff, CHERRIE A. HAGERTY, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TEXAS CREDIT SERVICES ORGANIZATION ACT**

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 393.001(1).

36. Defendant is a "credit services organization" as defined by Tex. Fin. Code § 393.001(3).

### a. Violations of Tex. Fin. Code §§ 393.201 & 393.202

37. The TCSOA, pursuant to Tex. Fin. Code § 393.201, outlines certain requirements of the contracts entered into between consumers and credit services organizations. § 393.202 discusses the nature of a consumer's right to cancel contracts and how such right must be disclosed to consumers.

38. Defendant violated §§ 393.201(b)(1)-(4) & 393.202 through their failure to provide the information required under Texas law in the contract with Plaintiff. Defendant's contract fails to contain the requisite information.

### b. Violations of Tex. Fin. Code § 393.302

39. The TCOSA, pursuant to Tex. Fin. Code § 393.302, prohibits credit service organizations from receiving money for their services before such services are fully performed.

40. Defendant violated § 393.302 in much the same way it violated § 1679b(b) of the CROA.

### c. Violations of Tex. Fin. Code §§ 393.304(1) & 393.305

41. The TCSOA, pursuant to Tex. Fin. Code § 393.304(1), prohibits a credit services organization from "mak[ing] or us[ing] a false or misleading representation in the offer or sale of the services of the organization." Similarly, pursuant to Tex. Fin. Code § 393.305, "[a] credit services organization or a representative of the organization may not directly or indirectly engage in a fraudulent or deceptive act, practice, or course of business relating to the offer or sale of the services of the organization."

42. Defendant violated §§ 393.304(1) & 393.305 in much the same way it violated §§ 1679b(a)(3)-(4) of the CROA.

WHEREFORE, Plaintiff, CHERRIE A. HAGERTY, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 393.503(a)(1);

c. Awarding Plaintiff punitive damages pursuant to Tex. Fin. Code § 393.503(b);

d. Enjoin Defendant from further violations of law pursuant to Tex. Fin. Code § 393.502,

e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Tex. Fin. Code §§ 393.503(a)(2)-(3); and,

f. Awarding any other relief the Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE TEXAS CONSUMER DEBT MANAGEMENT SERVICES ACT**

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 394.202(4).

45. Defendant is a "provider" of "debt management service" as defined by Tex. Fin. Code §§ 394.202(6) & (10).

### a. Violations of Tex. Fin. Code § 394.207

46. The TCDMSA, pursuant to Tex. Fin. Code § 394.207, provides that "[a] provider may not engage in false or deceptive advertising,"

47. Defendant violated § 394.207 in much the same way its deceptive representations regarding the nature of its services violated § 1679b(a)(3)-(4) of the CROA.

### b. Violations of Tex. Fin. Code § 394.209

48. The TCDMSA, pursuant to Tex. Fin. Code § 394.209, outlines the various requirements of the contracts entered into between debt management providers and consumers.

49. Defendant violated § 394.209(b) through its failure to include the required statements, disclosures, and information in its contract with Plaintiff.

### c. Violations of Tex. Fin. Code § 394.210

50. The TCDMSA, pursuant to Tex. Fin. Code § 394.210(c), provides that "[a] provider may not impose fees or other charges upon a consumer or receive payment for debt management services until the consumer has entered into a debt management service agreement with the provider that complies with Section 394.209."

51. Defendant violated § 394.210(c) through its charging of Plaintiff for its debt management services without entering into a contract which complies with Texas law.

### d. Violations of Tex. Fin. Code § 394.212

52. The TCDMSA, pursuant to Tex. Fin. Code § 394.212, outlines a number of prohibited practices on the part of providers.

53. Pursuant to § 394.212(a)(9), a provider may not "engage in an unfair, deceptive, or unconscionable act or practice in connection with a service provided to a consumer."

54. Defendant violated § 394.212(a)(9) through the deceptive and unfair nature of the representations made to Plaintiff and manner in which its services were subsequently provided.

### e. Violations of Tex. Fin. Code § 394.213

55. Pursuant to § 394.213, "a provider has a duty to a consumer who receives debt management services from the provider to ensure that client money held by the provider is managed properly at all times."

56. Defendant violated § 394.213 through its failure to ensure that Plaintiff's money was managed properly. Defendant took Plaintiff's payment and failed to provide the results and services such payment was designed to address.

WHEREFORE, Plaintiff, CHERRIE A. HAGERTY, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 394.215(c);

c. Awarding Plaintiff punitive damages pursuant to Tex. Fin. Code § 394.215(c);

d. Enjoin Defendant from further violations of law pursuant to Tex. Fin. Code § 394.215(d);,

e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Tex. Fin. Code § 394.215(c); and,

f. Awarding any other relief the Honorable Court deems just and appropriate.

Dated: July 26, 2023

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com